UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BARRYON TOWNSEND, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-46 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Respondent's motion for summary judgment.  D.E. 7.  On July 1, 2014, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Respondent's motion for summary judgment be granted and that Petitioner's habeas corpus petition be dismissed.  D.E. 12.  Petitioner timely filed his objections on July 16, 2014.  D.E. 14.  Petitioner's objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's conclusion that his placement in solitary confinement did not violate his due process rights.  Petitioner contends that he has a "state created protected liberty interest in being housed in general population rather than being placed in solitary confinement."  D.E. 14, p. 2.  He reasons that because "there is no greater punishment than solitary confinement in prison . . . a state created liberty interest has been established and a hearing must be held in order for an inmate to be imposed to solitary."  D.E. 14, p. 3.  Petitioner's argument, however, is squarely refuted by applicable Supreme Court and Fifth Circuit precedent.

In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that no liberty interest is created by the imposition of solitary confinement.  *Sandin*, 515 U.S. at 486. The Fifth Circuit has held that "[w]ith respect to placement in solitary confinement, it is settled law that disciplinary segregation does not present the type of 'atypical, significant deprivation in which a [s]tate might conceivably create a liberty interest.'"  *Dehghani v. Vogelgesang*, 229 Fed. Appx. 282, 283-84 (5th Cir. 2007) (citing *Sandin*, 515 U.S. at 486)).   Petitioner's argument that being placed in solitary confinement violated his constitutional right to due process is foreclosed by the aforementioned cases. Consequently, Petitioner's first objection is **OVERRULED**.

Second, in a footnote in his objections, Petitioner mentions that he "challenges the punishment imposed upon him 'before and after' [the disciplinary infraction and hearing] because T.D.C.J. officials have refuse[d] to abide by and implement the rules, policies and procedures pursuant to state law."  D.E. 14, p. 3.  As discussed above, Petitioner's placement in solitary confinement does not raise a cognizable constitutional violation; therefore it cannot be redressed via a federal habeas petition.   With regard to the punishments imposed after Petitioner was found guilty at his prison disciplinary hearing, those punishments also cannot form the basis for a cognizable constitutional violation.

Upon being found guilty of failing to obey an order and causing a use of force which resulted in a significant disruption of operations, Petitioner was punished with the loss of 45 days of commissary and recreation privileges, the loss of 15 days good time credit, and his line class was changed from L2 to L3.  In Texas, prisoners do not have a protected liberty interest in a particular line class status, commissary privileges, or

recreation privileges.  *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that the opportunity to earn good time credits is not a constitutionally protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary and cell restrictions do not implicate due process concerns).  Because the loss of commissary and recreation privileges and the reduction in his line class status do not trigger a recognized liberty interest, Plaintiff cannot avail himself of the protections of the due process clause in challenging these outcomes of his disciplinary hearing.

Although the loss of good time credits can trigger a protected liberty interest in some circumstances, Petitioner's loss of 15 days good time credit does not rise to the level of a due process violation.  "A good time credit revocation proceeding must meet three due process requirements: (1) provide advance written notice of at least twenty-four hours to the prisoner; (2) issue a written statement of the factfinders as to evidence relied upon and their reasons for action; and (3) offer the prisoner an opportunity to call witnesses and present documentary evidence."  *Houser v. Dretke*, 395 F.3d 560, 562 (5th Cir. 2004) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974)).  Although Petitioner challenges the punishment imposed, he does not allege or plead facts sufficient to infer that any of the three elements articulated in *Houser* and *Wolff* were not met.  The Court is satisfied that Petitioner was afforded the required due process.  His objection concerning the punishment imposed at his prison disciplinary hearing is **OVERRULED**.

Finally, Petitioner objects to the Magistrate Judge's recommendation that a Certificate of Appealability (COA) be denied.  In order to warrant the issuance of a COA, the applicant must make a substantial showing of the denial of constitutional right. 28

U.S.C. § 2253(c)(2).  Where a district court rejects a petitioner's claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The standard is satisfied if the petitioner demonstrates that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

As discussed above, Petitioner's claims with regard to being placed in solitary confinement and receiving various punishments as a result of being found guilty of disciplinary violations are foreclosed by Fifth Circuit precedent.  Accordingly, reasonable jurists would not find the district court's assessment of the constitutional claims debatable or wrong, could not disagree with the district court's resolution of Petitioner's constitutional claims, and could not conclude that the issues presented are adequate to deserve encouragement to proceed further.   Petitioner's request for a Certificate of Appealability is **DENIED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Respondent's motion for summary

judgment (D.E. 7) is **GRANTED**, and this action is **DISMISSED** with prejudice.

Petitioner's request for a Certificate of Appealability is **DENIED**.

ORDERED this 18th day of August, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE